UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRYAN SMITH,

                    Plaintiff,                              Case No. 19-12934

v.                                                Honorable Thomas L. Ludington

BLANCHARD INTERCOUNTY
DRAINAGE BOARD,

                    Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT**

On October 8, 2019, Plaintiff, Bryan Smith, filed a complaint against Defendant, Blanchard

Intercounty Drainage Board. ECF No. 1. Plaintiff alleges Defendant violated his fifth amendment

right to procedural due process because Defendant assessed Smith's property for improvements to

an intercounty drain without prior notice and then adopting and enforcing the assessment without

notice to all property owners. *Id.*

On October 25, 2019, Defendant filed a motion for summary judgment. ECF No. 6.

Plaintiff responded timely. ECF No. 11. No reply was filed.

**I.**

Plaintiff owns property as a joint tenant with his parents. ECF No. 1 at PageID.7. The

property is identified as "the SE 1/4 , Section 18, T13N, R6W, Rolland Township, Isabella County,

Michigan" in a quit claim deed, referred to as parcel number 12-018-40-006-00 in the Isabella

County Land Records, and has a property address of 8941 S Sherman Road, Blanchard, MI 49310,

("the property"). ECF No. 1 at PageID.2, 9. Plaintiff explains that his parents "hold their interests

in the property through the Thomas and Gloria Smith Trusts." *Id.* at PageID.2. Defendant does not dispute this fact.

The Isabella County Land Records list Plaintiff's parents' names first – "Smith Thomas M & Gloria Trusts" followed by Plaintiff's name "Smith Bryan." *Id.* Property tax receipts format the owners name and address for the property as follows,

> SMITH THOMAS M & GLORIA TRUSTS
> SMITH BRYAN
> 8941 S SHERMAN RD
> BLANCHARD MI 49310
> ECF No. 1 at PageID.11-16.

There is no additional address listed for Bryan Smith on the property tax receipts. It appears all mail regarding the property is directed to 8941 S. Sherman Road.

Plaintiff alleges that he "did not receive any notice of [a drainage] project or an assessment against this property from the [Blanchard Intercounty Drainage] Board." ECF No.1 at PageID.3. Plaintiff admits that his parents received notice of the project and the proposed assessment, as outlined hereinafter, at the property. However, Plaintiff argues as a joint owner, he should have received an additional individual notice.

On September 24, 2015, Rick Jakubiec, the Isabella County Drain Commissioner signed a proof of service of "Notice of Drainage Board Meeting for the Determination of Practicability." ECF No. 6 at PageID.37. The notice included a statement that landowners were served by first class mail. Attached to the notice is a spreadsheet that lists parcel number: 12-018-40-006-00, owner: Smith Thomas M & Gloria Trusts, address: 8941 S. Sherman Rd in Blanchard, MI. *Id.* at PageID.38. The notice is for Blanchard joint project 226. *Id.*

A sign-in sheet from the Blanchard Intercounty Drain Board for an October 8, 2015 meeting lists Tom Smith's name and address. The parties do not explain what information was

discussed at the meeting. However, the parties agree that Tom Smith, Bryan Smith's father, was present. *Id.* at PageID.39; ECF No. 11 at PageID.62.

A second meeting was held on April 20, 2016. ECF No. 6 at PageID.41. The purpose of the second meeting "was to hear all interested persons, receive evidence and determine whether the maintenance and improvement, as set forth in the petition dated May 6, 2015, is necessary for the good of the public health, convenience, or welfare pursuant to Chapter 8 of the Michigan Drain Code." ECF No. 6 at PageID.41. Tom Smith was also present at this meeting. ECF No. 6 at PageID.42.

On March 2, 2018, the Isabella County Drain Commissioner testified he served notice of "letting of contract and day of review of apportionments" regarding "Blanchard Joint Drain #226" to landowners by first class mail. ECF No. 6 at PageID.44. Plaintiff's parents are listed multiple times on the list of property owners under different parcels of property. *Id.* at PageID.45. They are listed as owners of 12-018-40-006-00, the parcel in question. *Id.* They are also listed as owners of parcel numbers: 12-017-30-002-00 and 12-017-30-002-01. *Id.*

Finally, on June 1, 2018, the Isabella County Drain Commissioner held a day of review for the Blanchard Intercounty Drain Special Assessment District in Rolland Township and Tom Smith was present. ECF No. 6 at PageID.47. Neither party provided copies of the notices that were mailed before the meetings.

## II.

A motion for summary judgment should be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of identifying where to look in the record for evidence "which it believes demonstrate the absence of a genuine issue of material fact."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party

who must set out specific facts showing "a genuine issue for trial." *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). The Court must view the evidence and draw all

reasonable inferences in favor of the non-movant and determine "whether the evidence presents a

sufficient disagreement to require submission to a jury or whether it is so one-sided that one party

must prevail as a matter of law." *Id.* at 251–52.

"To comport with due process, notice, when required, must be reasonably calculated, under

all the circumstances, to apprise interested parties of the pendency of the action and afford them

an opportunity to present their objections." *Elba Township v. Gratiot Cty. Drain Comm'r*, 831

N.W.2d 204, 287–88 (Mich. 2013) (internal quotation marks omitted) (quoting *Sidun v. Wayne*

*Cty. Treasurer*, 751 N.W.2d 453, 509 (Mich. 2008) (quoting *Mullane v. Cent. Hanover Bank &*

*Tr. Co.*, 339 U.W. 306, 314 (1950))). "Due process does not require that a property owner receive

actual notice before the government may take his property." *Jones v. Flowers*, 547 U.S. 220, 226

(2006). Indeed the Supreme Court "has deemed notice constitutionally sufficient if it was

reasonably calculated to reach the intended recipient when sent." *Id.*; *U.S. MPM Financial Group,*

*Inc.*, 215 F. App'x 476, 479 n.4 (6th Cir. 2007). If a mailed notice is returned to sender, the sender

"must take additional reasonable steps to attempt to provide notice to the property owner." *Ming*

*Kuo Yang v. City of Wyoming, Michigan*, 793 F.3d 599, 608 (6th Cir. 2015).

MCL § 280.72(3)(c) provides when a new drainage board is created and meets for the first

time, the board shall provide public notice of the upcoming meeting. One required means of notice

is,

> Service by first-class mail on each person whose name appears on the last city,
> village, or township tax roll as owning land within the drainage district, at the
> address shown on the roll. If an address does not appear on the roll, a notice need
> not be mailed to the person. The drain commissioner shall make an affidavit of the

mailing and shall recite in the affidavit that the notice was mailed to all of the persons whose names and addresses appear upon the tax rolls as owning land within the drainage district. The affidavit is conclusive proof that notice was mailed to each person to whom notice is required to be mailed under this section. . . . MCL § 280.72(3)(c).

The drain commissioner is required to provide the same notice to land owners when a drainage board meets to discuss establishing an intercounty drain. MCL § 280.122(4)(c). Drainage board meetings regarding receiving bids for construction of drains and reviewing the apportionment of benefits require notice by first-class mail at least 10 days before the meeting "to each person whose name appears upon the last city or township tax assessment roll as owning land within the special assessment district, at the address shown on the roll." MCL § 280.154(3).

**III.**

Plaintiff's argument for due process appears to be divided into two parts—first, he argues that the Blanchard Intercounty Drainage Board assessed his property without providing him notice and second, that the Board adopted and enforced the assessment without notice to all affected property owners. ECF No. 1 at PageID.4. However, Plaintiff provides no evidence and does not identify any other property owner who did not receive notice and who were injured by the assessment. Accordingly, what appears to be an alleged two part argument is really only one— Plaintiff alleges his U.S. Constitutional due process rights were violated because he did not receive actual notice of the assessment.

Defendant has shown that the Commissioner provided notice of the drainage project to Plaintiff's address. Defendant has also shown that at least the names of Plaintiff's parents, the first listed property owners of the property, were listed on the notice of the drainage project and his father even attended meetings regarding the project. Plaintiff does not contest these facts. Plaintiff's sole complaint is that "the Blanchard Intercounty Drainage Board failed to give

individual notice to Smith regarding their project and assessment against his property." ECF No. 11 at PageID.62.

In an effort to bolster his claims, Plaintiff argues that "the notices received by his parents did not identify that it concerned the Property they own jointly with Smith." ECF No. 11 at PageID.62. This is incorrect. Plaintiff's exhibit three (which he cites to support this claim) shows that notice was furnished concerning three separate parcels of property, 12-017-30-002-00, 12-017-30-002-01, and the property owned jointly with Plaintiff, 12-018-40-006-00. *Compare* ECF No. 11 at PageID.79 with ECF No. 1 at PageID.15. The notices for all three parcels were mailed to the property Plaintiff jointly owns with his parents.

Accordingly, Defendant has shown, and Plaintiff has failed to establish otherwise, that he and his parents received notice of the drainage project. Due process does not require actual notice. Constructive notice is sufficient. Notice was mailed to Plaintiff's property regarding the drainage project and the assessment. Defendant has shown there is no genuine dispute as to a material fact regarding the notice Plaintiff received. Accordingly, Defendant's motion for summary judgment will be granted.

**IV.**

Accordingly, it is hereby **ORDERED** that Defendant's motion for summary judgment, ECF No. 6, is **GRANTED**.

It is further **ORDERED** that Plaintiff's complaint, ECF No. 1, **DISMISSED WITH PREJUDICE**.

Dated: February 10, 2020                                    s/Thomas L. Ludington
                                                            THOMAS L. LUDINGTON
                                                            United States District Judge