UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRYAN SMITH,

                Plaintiff,                Case No. 19-12934

v.                                        Honorable Thomas L. Ludington

BLANCHARD INTERCOUNTY
DRAINAGE BOARD,

                Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On October 8, 2019, Plaintiff, Bryan Smith, filed a complaint against Defendant, Blanchard Intercounty Drainage Board. ECF No. 1. Plaintiff alleges Defendant violated his fifth amendment right to procedural due process because Defendant assessed Smith's property for improvements to an intercounty drain without prior notice and then adopting and enforcing the assessment without notice to all property owners. *Id.* On October 25, 2019, Defendant filed a motion for summary judgment that was granted. ECF Nos. 6, 12. On February 24, 2020 Plaintiff filed a motion for reconsideration. ECF No. 14. Defendant filed a response upon direction by this Court. ECF Nos. 15, 16.

**I.**

Plaintiff owns property as a joint tenant with his parents. ECF No. 1 at PageID.7. The property is identified as "the SE 1/4 , Section 18, T13N, R6W, Rolland Township, Isabella County, Michigan" in a quit claim deed, referred to as parcel number 12-018-40-006-00 in the Isabella County Land Records, and has a property address of 8941 S Sherman Road, Blanchard, MI 49310, ("the property"). ECF No. 1 at PageID.2, 9. Plaintiff explains that his parents "hold their interests

in the property through the Thomas and Gloria Smith Trusts." *Id.* at PageID.2. Defendant does not dispute this fact.

The Isabella County Land Records list Plaintiff's parents' names first – "Smith Thomas M & Gloria Trusts" followed by Plaintiff's name "Smith Bryan." *Id.* Property tax receipts format the owners name and address for the property as follows,

> SMITH THOMAS M & GLORIA TRUSTS
> SMITH BRYAN
> 8941 S SHERMAN RD
> BLANCHARD MI 49310
> ECF No. 1 at PageID.11-16.

There is no additional address listed for Bryan Smith on the property tax receipts. It appears all mail regarding the property is directed to 8941 S. Sherman Road.

Plaintiff alleges that he "did not receive any notice of [a drainage] project or an assessment against this property from the [Blanchard Intercounty Drainage] Board." ECF No.1 at PageID.3. Plaintiff admits that his parents received notice of the project and the proposed assessment, as outlined hereafter, at the property. However, Plaintiff argues as a joint owner, he should have received an additional individual notice.

On September 24, 2015, Rick Jakubiec, the Isabella County Drain Commissioner signed a proof of service of "Notice of Drainage Board Meeting for the Determination of Practicability." ECF No. 6 at PageID.37. The notice included a statement that landowners were served by first class mail. Attached to the notice is a spreadsheet that lists parcel number: 12-018-40-006-00, owner: Smith Thomas M & Gloria Trusts, address: 8941 S. Sherman Rd in Blanchard, MI. *Id.* at PageID.38. The notice is for Blanchard joint project 226. *Id.*

A sign-in sheet from the Blanchard Intercounty Drain Board for an October 8, 2015 meeting lists Tom Smith's name and address. The parties do not explain what information was

discussed at the meeting. However, the parties agree that Tom Smith, Bryan Smith's father, was present. *Id.* at PageID.39; ECF No. 11 at PageID.62.

A second meeting was held on April 20, 2016. ECF No. 6 at PageID.41. The purpose of the second meeting "was to hear all interested persons, receive evidence and determine whether the maintenance and improvement, as set forth in the petition dated May 6, 2015, is necessary for the good of the public health, convenience, or welfare pursuant to Chapter 8 of the Michigan Drain Code." ECF No. 6 at PageID.41. Tom Smith was also present at this meeting. ECF No. 6 at PageID.42.

On March 2, 2018, the Isabella County Drain Commissioner testified he served notice of "letting of contract and day of review of apportionments" regarding "Blanchard Joint Drain #226" to landowners by first class mail. ECF No. 6 at PageID.44. Plaintiff's parents are listed multiple times on the list of property owners under different parcels of property. *Id.* at PageID.45. They are listed as owners of 12-018-40-006-00, the parcel in question. *Id.* They are also listed as owners of parcel numbers: 12-017-30-002-00 and 12-017-30-002-01. *Id.*

Finally, on June 1, 2018, the Isabella County Drain Commissioner held a day of review for the Blanchard Intercounty Drain Special Assessment District in Rolland Township and Tom Smith was present. ECF No. 6 at PageID.47. Neither party provided copies of the notices that were mailed before the meetings.

**II.**

Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order within fourteen days. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Mich.*

*Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also Bowens v. Terris*, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

### III.

Plaintiff argues in his motion for reconsideration that "[w]ithout individual notice to Smith, the basic and fundamental requirements of due process were not met in this case. The Board knew Smith's name as an owner from the property tax rolls and needed to direct a notice to Smith individually. It was not sufficient to mail a notice that did not have Smith's name on it." ECF No. 14 at PageID.100. Plaintiff cites to *Mennonite Board of Missions v. Adam*, 462 US 791, 800 (1983) where the Supreme Court states "[n]otice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party. . . if its name and address are reasonably ascertainable." However, that case addresses whether notice by publication and posting was sufficient notice of a pending sale of mortgaged property to pay back due taxes. In addition, notice of the assessment was mailed to Plaintiff's property.

Plaintiff also includes an affidavit from his father where his father avers that he received notice but it did not occur to him to share the information with his son. ECF No. 14 at PageID.106-108. The affidavit from Plaintiff's father cannot be considered and even if it could, it is irrelevant to the legal conclusion. Plaintiff provides no legal citation why he should be allowed to present new evidence that he failed to submit in his response to the motion for summary judgment in his

motion for reconsideration. Also, while Plaintiff's father may not have discussed the notice with Plaintiff, it does not change the fact that the Supreme Court has explained that "Due process does not require that a property owner receive actual notice before the government may take his property." *Jones v. Flowers*, 547 U.S. 220, 226 (2006).

Plaintiff has failed to assert a palpable defect in the Court's original order. Accordingly, Plaintiff's motion for reconsideration will be denied.

**IV.**

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Reconsideration, ECF No. 14, is **DENIED**.

Dated: April 27, 2020                                    s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge